IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

CLAYTON KEARNEY,

    Plaintiff,

vs.

CASE NO:
DIVISION: 06 01664

DIVISION E

AUTO-OWNERS INSURANCE
COMPANY,

    Defendant.
_____/

## COMPLAINT

### GENERAL ALLEGATIONS

Plaintiff, CLAYTON KEARNEY, sues the Defendant, AUTO-OWNERS INSURANCE COMPANY (hereinafter referred to as "AUTO-OWNERS"), and alleges as follows:

1. This is an action for damages that exceed FIFTEEN THOUSAND DOLLARS AND NO/100 ($15,000).

2. Venue is proper in Hillsborough County because the cause of action arises out of a motor vehicle accident that occurred in Hillsborough County, Florida.

3. The Plaintiff is a resident of the city of Tampa, Hillsborough County, Florida.

4. Defendant, AUTO-OWNERS INSURANCE COMPANY is an insurance company licensed to and conducting business in the State of Florida.

5. On or about July 27, 2002, the Anthony David Sorrentino and Jason Manning Knight were the owners of a 2002 Mitsubishi Montero motor vehicle.

At all times material hereto Anthony David Sorrentino and Jason Manning Knight, owed to the public and to the Plaintiff, a duty to exercise reasonable care in the maintenance and operation of

that motor vehicle and to ensure the vehicle was operated in a reasonably careful and prudent manner.

6. On or about July 27, 2002, that duty was breached when Jason Manning Knight operated the vehicle in a careless and negligent manner while the Plaintiff was a passenger in the vehicle.

8. Jason Manning Knight lost control of the vehicle causing the vehicle to roll several times ejecting both occupants, Jason Manning Knight and Plaintiff from the vehicle.

9. As a result of the accident, Plaintiff suffered severe bodily injuries including a spleen laceration, liver laceration, injuries to his lungs, clavicle fracture and an injury to his brain.

10. Plaintiff's injuries proximately caused him pain and suffering, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and a temporary and permanent loss of earnings and earning capacity. These losses are continuing and permanent and will be suffered by the Plaintiff in the future.

## COUNT I

### PRIMARY POLICY BENEFIT

Plaintiff, CLAYTON KEARNEY, sues the Defendant, AUTO-OWNERS INSURANCE COMPANY and alleges as follows:

11. Plaintiff realleges paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10 as if fully set forth herein.

12. AUTO-OWNERS issued Policy Number 41-440-220-00 (the "Primary Policy") providing coverage for the period of April 9, 2002 to April 9, 2003. That Primary Policy contained Bodily Injury Liability coverage with limits of $500,000 for each occurrence, and, on its face,

provides Uninsured Motorist coverage with limits of $15,000 for each person and $30,000 for each occurrence. A copy of the Primary Policy of insurance is attached and identified as Exhibit "A".

13. At the time of the loss described above, Plaintiff was a named insured under this Primary Policy.

14. The vehicle owned by Anthony David Sorrentino and Jason Manning Knight, was not insured on July 27, 2002, and Jason Manning Knight was an uninsured motorist as that term is used in the Florida Uninsured Motorist Statute and in this Primary Policy.

15. Neither the Plaintiff nor anyone acting on his behalf ever executed a legally effective instrument or otherwise made a knowing rejection of Uninsured Motorist coverage or selection of Uninsured Motorist limits lower than the bodily injury liability limits on the Primary Policy. The Plaintiff is entitled to Uninsured Motorist limits equal to the Bodily Injury liability limits of $500,000, for each of the two vehicles insured on the policy, for which separate premiums were charged.

16. The Defendant has been notified of the Plaintiff's loss and the Defendant is obligated to pay the benefits to which the Plaintiff is entitled under the uninsured motorist portion of the Primary Policy. The Defendant initially refused to pay anything at all and now has paid $30,000 of this benefit but refuses to pay the remaining benefits, and denies that the Plaintiff is entitled to the described herein.

17. Because of the Defendant's denial of this additional coverage owed to the Plaintiff and its refusal to pay him the benefits due to him, the Plaintiff has been required to engage the services of the undersigned attorneys, whose fees the Defendant is obligated to pay by operation of law.

18. All conditions precedent to the Plaintiff's entitlement to recover under this Primary Policy have occurred or have been excused.

WHEREFORE, Plaintiff, CLAYTON KEARNEY, demands judgment in excess of $15,000.00 for damages against the Defendant, AUTO-OWNERS INSURANCE COMPANY, plus attorneys' fees, taxable costs and interest on that portion of the claim constituting liquidated damages and further demands trial by jury on all issues so triable.

## COUNT II

### EXCESS POLICY BENEFIT

Plaintiff, CLAYTON KEARNEY, sues the Defendant, AUTO-OWNERS INSURANCE COMPANY and alleges as follows:

19. Plaintiff realleges paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 as if fully set forth herein.

20. AUTO-OWNERS issued Policy Number 95-788-117-00 (the "Umbrella Policy") to Charles W. Kearney Jr. providing coverage for the period October 30, 2001 to October 30, 2002. This Umbrella Policy provided uninsured motorist protection of five million dollars for each occurrence, in excess of the insured's 'Retained Limit'. A copy of the Umbrella Policy of insurance is attached and identified as Exhibit "B".

21. At the time of this loss the Plaintiff was an 'Insured' under this Umbrella Policy by virtue of being a resident son of C. W. Kearney, Jr.

22. Under the terms of this policy, the 'Retained Limit' is a defined term that means the greater of

    a) the sum or the limits of liability:

        1) stated for each policy listed or insurance described in Schedule A; and

        2) applying to any other underlying insurance, or

    b) $250 for any one occurrence not covered by other insurance.

23. The only 'policy listed or insurance described in Schedule A' of the Umbrella Policy is a policy of Uninsured Motorists Insurance issued by Zurich American Insurance Company.

24. The "limit of liability stated" for that policy, in Exhibit A of the Umbrella Policy, is $500,000.

25. There is no 'other underlying insurance' that applies to this loss, other than the AUTO-OWNERS uninsured motorist policy that is the subject of Count One of this Complaint.

26. The Plaintiff's losses from this case exceed the amount of the 'Retained Limit' and the amount of the policy limits of the Umbrella Policy combined.

27. AUTO-OWNERS has been given notice of the loss, and requested to make payment of the benefits under this Umbrella Policy, but AUTO-OWNERS has refused to pay the benefits, and has denied that the Umbrella Policy provides the Plaintiff with the uninsured motorist insurance coverage as it is alleged in this Complaint.

28. Because of the Defendant's denial of this coverage owed to the Plaintiff and its refusal to pay him the benefits due to him, the Plaintiff has been required to engage the services of the undersigned attorneys, whose fees the Defendant is obligated to pay by operation of law.

29. All conditions precedent to the Plaintiff's entitlement under this Umbrella Policy have occurred or have been excused.

WHEREFORE, Plaintiff, CLAYTON KEARNEY, demands judgment in excess of $15,000.00 for damages against the Defendant, AUTO-OWNERS INSURANCE COMPANY, plus attorneys' fees, taxable costs and interest on that portion of the claim constituting liquidated damages and further demands trial by jury on all issues so triable.

## COUNT III

## BAD FAITH WITH RESPECT TO THE PRIMARY POLICY

Plaintiff, CLAYTON KEARNEY, sues the Defendant, AUTO-OWNERS INSURANCE COMPANY and alleges as follows:

30. Plaintiff realleges paragraphs 1, 2, 3, 4, 5, 6, 7, 9, 10, 12, 13, 14, 15, 16, 17, and 18 as if fully set forth herein.

31. This is an action for damages recoverable under Fla. Statute 624.155 and 627.727(10) against the Defendant.

32. Defendant, AUTO-OWNERS, failed to attempt, in good faith, to settle the Plaintiff's full claim under the underinsured/uninsured motorist portion of his Primary Policy when, under all of the circumstances, it could and should have done so, had it acted fairly and honestly and with due regard for the interests of the Plaintiff, who was the insured, in violation of Fla. Statute §624.155(1)(b)(1).

33. Defendant, AUTO-OWNERS, also violated Fla. Statute §626.9541(1)(i)3b, c, d, f, g and h in the handling of this claim.

34. Pursuant to the requirements of Chapter 624.155, more than 60 days before filing this lawsuit, the Plaintiff filed with the Florida Department of Insurance and provided a copy by certified mail to AUTO-OWNERS, the required notice of insurer violation giving Defendant, AUTO-OWNERS, the opportunity to pay the damages to Plaintiff and correct the circumstances giving rise to the violation. A copy of this notice is attached as Exhibit "C".

35. All conditions precedent to bringing this complaint have occurred and the Defendant has paid part of the damages recoverable under this policy.

WHEREFORE, Plaintiff, CLAYTON KEARNEY, demands judgment for an amount equal to the total damages suffered by the Plaintiff in the motor vehicle accident described above, and those suffered as a result of the bad faith of Defendant, AUTO-OWNERS INSURANCE COMPANY, plus costs, interest, and attorney's fees.

## COUNT IV

## BAD FAITH WITH RESPECT TO THE EXCESS POLICY

Plaintiff, CLAYTON KEARNEY, sues the Defendant, AUTO-OWNERS INSURANCE COMPANY and alleges as follows:

36.  Plaintiff realleges paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 20, 21, 22, 23, 24, 25, 26, 27, 29, 30, 31, 32, and 33 as if fully set forth herein.

37.  This is an action for damages against the Defendant, AUTO-OWNERS that will accrue when the underlying claims expressed in Count II have been resolved in favor of the Plaintiff, so that the dispute concerning the total damages suffered by the Plaintiff in the motor vehicle collision of July 27, 2002, has been resolved.

38.  Defendant, AUTO-OWNERS, failed to attempt, in good faith, to pay the Plaintiff's claim under the underinsured/uninsured motorist portion of his Umbrella Policy when, under all of the circumstances, it could and should have done so, had it acted fairly and honestly and with due regard for the interests of the Plaintiff, who was its insured.

39.  Defendant, AUTO-OWNERS, also violated Fla. Statute §626.9541(1)(i)3b, c, d, f, g and h in the handling of this claim.

40.  Pursuant to the requirements of Chapter 624.155, more than 60 days before filing this lawsuit, the Plaintiff filed with the Florida Department of Insurance and provided a copy by certified mail to AUTO-OWNERS, the required notice of insurer violation giving Defendant, AUTO-

OWNERS, the opportunity to pay the damages to Plaintiff and correct the circumstances giving rise to the violation. A copy of this notice is attached as Exhibit "C".

41. All conditions precedent to bringing this complaint have occurred other than obtaining a determination of the Plaintiff's damages.

WHEREFORE, Plaintiff, CLAYTON KEARNEY, seeks this Honorable Court to accept jurisdiction of this claim, to be prosecuted after the underlying case expressed in Counts II has been resolved and for a determination that Defendant, AUTO-OWNERS INSURANCE COMPANY, acted in bad faith, and then for a judgment equal to the total damages suffered by the Plaintiff in the motor vehicle accident described above and as a result of the bad faith of Defendant, AUTO-OWNERS INSURANCE COMPANY, plus costs, interest, and, where appropriate, attorney's fees.

Respectfully submitted,

DALE SWOPE
Florida Bar No.: 261270
Swope, Rodante P.A
1234 E. 5th Avenue
Tampa, Florida 33650
Tele: (813) 273-0017
Fax: (813) 223-3678
Attorney for Plaintiff