UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLAYTON KEARNEY,

    Plaintiff,

v.                                          CASE No. 8:06-CV-595-T-24TGW

AUTO-OWNERS INSURANCE
COMPANY,

    Defendant.

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration upon the defendant's Motion to Preclude Testimony of Frederick A. Raffa, Ph.D (Doc. 114) and the plaintiff's opposition thereto (Doc. 131). The motion was referred to me for a report and recommendation (Doc. 188). Because this issue cannot confidently be resolved prior to trial on the basis of what has been submitted, it is recommended that its resolution be deferred pending the plaintiff's evidentiary presentation at trial.

The plaintiff filed a lawsuit against the defendant for uninsured motorist insurance coverage and damages stemming from an automobile accident on July 27, 2002, when he was seventeen years old. As a result of the car accident, the plaintiff suffers from permanent injuries and a loss of earning capacity. In this connection, the plaintiff has retained Dr. Raffa, an experienced forensic economist, to testify concerning the plaintiff's damages for loss of earning capacity and future medical expenses (Doc. 131, p. 1).[1]

It is Dr. Raffa's opinion that the present value of the plaintiff's pre-accident lifetime earning capacity totals $361,598,958 (Doc. 114-2, Raffa Report, p. 3).[2] The factual basis for this opinion is a telephone conversation with Bing Kearney, the plaintiff's father and chairman of The Kearney Companies. Kearney stated that, if the plaintiff had not been injured in the car accident, the plaintiff would have subsequently been employed by The Kearney Companies at an annual starting salary of $120,000, which would

---

[1] It is noted that the defendant has not sought preclusion of Dr. Raffa's testimony concerning the plaintiff's future medical expenses. Therefore, even if the defendant's motion is meritorious, it would not preclude Dr. Raffa's entire testimony.

[2] This sum represents a pre-accident lifetime earning capacity of $1,148,516,836, reduced to present value (Doc. 114-2, p. 3).

have increased to over $19 million annually upon Bing Kearney's relinquishment of the company to the plaintiff on the plaintiff's 35th birthday (id. at p. 2; see also Doc. 114-3).

The defendant argues that there is an insufficient factual basis for Dr. Raffa's opinion of the plaintiff's pre-accident earning capacity and, therefore, it does not meet the standards for admissibility of expert testimony set forth in Rule 702, F.R.E., and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) (Doc. 114). Thus, the defendant contends that Dr. Raffa's expert opinion impermissibly is "based solely on the unsubstantiated opinions of the Plaintiff's father" (id. at p. 8).[3]

The plaintiff responds that it is premature to decide this motion because "the factual support for the assumptions underlying Dr. Raffa's

---

[3] For example, the defendant argues that (Doc. 114, p. 7)(citations omitted):

> Dr. Raffa did not verify the speculative statements of the Plaintiff's father regarding the Plaintiff's potential income levels. Dr. Raffa testified that he had not viewed any documentation of the income figures supplied by the Plaintiff's father or records of the family business. Dr. Raffa is also not aware of whether the $19.5 million income figure alleged by the Plaintiff's father is based upon salary versus earnings on vested capital.

expert testimony will [be] established by the evidence presented at trial" (Doc. 131, p. 2; see also id. at p. 9). Such a procedure is permissible under the Federal Rules of Evidence. Thus, Rule 703, F.R.E., provides that "[t]he facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at ... the hearing." This rule encompasses facts established at trial. F.R.E. 703 Advisory Committee Notes, 1972 Proposed Rules.

Therefore, it is premature to decide whether the plaintiff has competent evidence to support the factual assumptions underlying Dr. Raffa's opinions of the plaintiff's pre-accident earning capacity. Rather, this determination is appropriately made after the plaintiff has made his evidentiary presentation at trial.

I therefore recommend that the defendant's Motion to Preclude Testimony of Frederick A. Raffa, Ph.D (Doc. 114) be deferred pending the plaintiff's evidentiary presentation at the trial. However, because there is presently an inadequate factual basis for Dr. Raffa's opinions regarding the plaintiff's pre-accident earning capacity, it is appropriate to direct the plaintiff

to refrain from mentioning those opinions during voir dire and opening statements.

Respectfully submitted,

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: OCTOBER 11, 2007

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).