UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLAYTON KEARNEY,

        Plaintiff,

v.                             CASE No. 8:06-CV-595-T-24TGW

AUTO-OWNERS INSURANCE
COMPANY,

        Defendant.

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration upon the plaintiff's Motion in Limine Regarding Expert Testimony of Michael Piette, Ph.D. (Doc. 154) and the defendant's opposition thereto (Doc. 159). The motion was referred to me for a report and recommendation (Doc. 188). Because the arguments made in the motion are relevant to the weight the jury affords Dr. Piette's testimony, and not its admissibility, I recommend that the motion be denied.

I.

The plaintiff filed a lawsuit against the defendant for uninsured motorist coverage and damages stemming from an automobile accident on

July 27, 2002, when he was seventeen years old.  As a result of the car accident, the plaintiff suffers from permanent injuries and a loss of earning capacity.  In this connection, the defendant has retained Dr. Piette, an experienced forensic economist, as an expert witness to testify concerning the plaintiff's damages for loss of earning capacity (see Doc. 159, p. 1;  Ex. B).

It is Dr. Piette's opinion that the present value of the plaintiff's pre-accident lifetime earning capacity totals $959,638 or $1,427,509, depending upon whether the plaintiff would have earned a college associate or bachelor degree, respectively (Doc. 159, App. C). Dr. Piette states that he utilized a standard methodology for this opinion which incorporated the median annual earnings of a caucasian male with the applicable college degree, adjusted by an earning capacity growth rate of 3.5% (Doc. 133, p. 26; Doc. 159, Ex. B, pp. 4-6).  Dr. Piette did not include in this sum the value of any fringe benefits, opining that their value is offset by personal income tax (Doc. 159, Ex. B, p. 8).

The plaintiff seeks to preclude Dr. Piette's testimony and any related documents and materials created by Dr. Piette regarding the plaintiff's pre-accident earning capacity (Doc. 154).   The plaintiff argues that Dr.

-2-

Piette's testimony is inadmissible because it will not assist the jury, a

benchmark for the admission of expert testimony under Rule 702, F.R.E. (id.

at pp. 4-7). Alternatively, the plaintiff argues that this evidence is precluded

under Rule 403, F.R.E., because the probative value of Dr. Piette's opinions

are substantially outweighed by the danger of misleading or confusing the

jury (id. at pp. 7-8). The defendant responds that Dr. Piette's testimony is

reliably based on a standard method for computing future earning capacity,

and that any alleged deficiencies in the factual basis for Dr. Piette's opinion

can be challenged on cross-examination (Doc. 159).

II.

The plaintiff argues that Dr. Piette's testimony is not an expert

opinion under Rule 702, F.R.E., because "[t]he determination of a plaintiff's

loss of earning capacity is not something beyond the understanding of the

average citizen" (Doc. 154, p. 5). Rule 702, F.R.E., provides that

> If scientific, technical, or other specialized
> knowledge will assist the trier of fact to understand
> the evidence or to determine a fact in issue, a
> witness qualified as an expert by knowledge, skill,
> experience, training, or education, may testify
> thereto in the form of an opinion or otherwise, if
> (1) the testimony is based upon sufficient facts or
> data, (2) the testimony is the product of reliable

> principles and methods, and (3) the witness has
> applied the principles and methods reliably to the
> facts of the case.

The notion that the testimony of an experienced economist would not assist

the jury in determining the plaintiff's pre-accident earning capacity is, on its

face, preposterous, and it is belied by the plaintiff's proffer of his own expert

economist on this issue.

The standard for admissibility is not whether the issue is beyond

the jury's understanding (Doc. 154, p. 5), but rather whether "specialized

knowledge will *assist* the trier of fact to understand the evidence or to

determine a fact in issue...." Rule 702, F.R.E. (emphasis added).  Thus,

"[t]here is no more certain test for determining when experts may be used

than the common sense inquiry whether the untrained layman would be

qualified to determine intelligently and to the best possible degree the

particular issue without enlightenment from those having a specialized

understanding of the subject involved in the dispute." F.R.E. 702, Advisory

Committee Notes, 1972 Proposed Amendments.   Here, it is beyond

peradventure that Dr. Piette's testimony will familiarize the jury with several

issues pertinent to determining future earning capacity that are not commonly

known to lay people, such as growth rates, discounting future losses to present value, and calculating work life expectancy. Further, Dr. Piette offers for the jury's consideration two models for determining the plaintiff's pre-accident earning capacity.

The real thrust of the plaintiff's motion is that the factual basis for Dr. Piette's opinion is flawed because it does not take into account the plaintiff's unique characteristics such as familial advantages which, in the plaintiff's opinion, will likely render his pre-accident earning capacity substantially (actually, astronomically) higher than the amount opined by Dr. Piette (Doc. 154, pp. 5-6). However, this factual disagreement does not render Dr. Piette's testimony inadmissible.

"As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination. Only if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded." Hartley v. Dillard's, Inc., 310 F.3d 1054, 1061 (8th Cir. 2002). Dr. Piette's decision to exclude evidence that the plaintiff may have been employed by his

father's companies at a much higher rate of earnings does not render Dr. Piette's opinions fundamentally unsupportable because, as Dr. Piette explains, such assumptions involve an entirely new set of considerations regarding the long-term viability of the plaintiff's father's business (Doc. 159, Ex. B, p. 5; see also Doc. 133, pp. 59-61), which the jury is not obligated to accept. Therefore, the appropriate procedure is not to exclude this testimony, but rather for plaintiff's counsel to challenge the factual basis for Dr. Piette's testimony on cross-examination and allow the jury to determine the weight to which Dr. Piette's opinions are entitled. See Hartley v. Dillard's, Inc., supra, 310 F.3d at 1060-61 (economic expert testimony admissible when the testimony is based on generalities and not the financial performance of the specific store at issue).

The plaintiff also argues that Dr. Piette's opinion does not assist the jury because it considers the plaintiff's personal income tax obligations, and Florida law purportedly forbids consideration of tax consequences in awarding damages for loss of earning capacity (Doc. 154, p. 7). This contention does not warrant the exclusion of Dr. Piette's testimony. First, the plaintiff has not cited apposite authority for its contention that an expert

economist cannot consider income tax obligations in opining about future earning capacity.  Good Samaritan Hosp. Assoc., Inc. v. Saylor, 495 So.2d 782, 783 (Fla. App. 1986), cited by the plaintiff (Doc. 154, p. 7), merely holds that a jury should not be instructed that damage awards in wrongful death cases are not subject to federal income tax.

Moreover, Dr. Piette's calculation of the plaintiff's pre-accident earning capacity is not reduced to account for income taxes.  Rather, he omits the value of fringe benefits as an offset to income taxes.  This approach appears consistent with the pertinent Eleventh Circuit standard jury instruction, which identifies as an element of damage the "[n]et lost wages and benefits in the future."  Eleventh Circuit, Pattern Jury Instructions for Civil Cases, State Claims Instructions 1.1, p. 366.  Dr. Piette states that he uses an offset of tax obligations and fringe benefits in some cases and that he has seen Dr. Raffa, the plaintiff's economic expert, use that method as well (Doc. 114-4, p. 11).  In other words, there is nothing extraordinary about the offset used by Dr. Piette in this case.  The plaintiff has cited no authority indicating that the testimony of an economy expert who employs such an offset is inadmissible for that reason.

III.

The plaintiff alternatively argues that Dr. Piette's opinion regarding the plaintiff's earning capacity is inadmissible under Rule 403, F.R.E., because its probative value is outweighed by its potential to confuse or mislead the jury (Doc. 154, pp. 7-8).[*] Specifically. the plaintiff argues that Dr. Piette's consideration of income taxes and exclusion of factors unique to the plaintiff limits the probative value of Dr. Piette's testimony, and there is a substantial risk that the jury will give Dr. Piette's testimony more weight "merely because he wears the label of expert witness" (id. at p. 8).

The exclusion of Dr. Piette's testimony is not warranted on this basis either.  Thus, as discussed above, the testimony is relevant, and the plaintiff can address any perceived deficiencies underlying the factual basis of Dr. Piette's opinion on cross-examination and during closing arguments. Further, the concern that Dr. Piette's testimony will have a talismanic effect because he has the title of "expert" should be rejected because the plaintiff has retained its own economic expert to testify at trial on the same issue with

---

[*]Rule 403 provides that, "[a]lthough relevant. evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues. or misleading the jury ...."

a drastically different opinion, thereby eliminating the concern that the jury will defer to Dr. Piette's opinions simply because he is qualified as an expert.

In sum, the concerns raised by the plaintiff regarding Dr. Piette's testimony and expert report do not warrant the drastic remedy of exclusion, but rather can be addressed through cross-examination of the witness. I therefore recommend that the plaintiff's Motion in Limine Regarding Expert Testimony of Michael Piette, Ph.D. (Doc. 154) be denied.

Respectfully submitted,

THOMAS G. WILSON
DATED: OCTOBER /2, 2007 UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).