UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLAYTON KEARNEY,

Plaintiff,

v. CASE No. 8:06-CV-595-T-24TGW

AUTO-OWNERS INSURANCE COMPANY,

Defendant.

---

REPORT AND RECOMMENDATION

This cause came on to be heard upon the plaintiff's Motion In Limine Regarding Plaintiff's Non-Testifying Experts, Dr. Shahnasarian and Brenda Mulder (Doc. 149) and the defendant's opposition thereto (Doc. 161). The motion was referred to me for a report and recommendation (Doc. 188). The plaintiff's arguments do not warrant exclusion of the testimony or reports of these experts from trial. However, the plaintiff does persuasively argue that the defendant should not be permitted to elicit, or suggest, at trial, that these experts were originally retained by the plaintiff, as the probative value of this information is outweighed by its prejudicial effect. Accordingly, I

recommend that the motion be granted only to the extent that the defendant should be precluded from eliciting, or suggesting, that the plaintiff originally retained Mulder and Shahnasarian as experts.

I.

The plaintiff filed a lawsuit against the defendant for uninsured motorist coverage and damages stemming from an automobile accident on July 27, 2002, when he was seventeen years old. As a result of the car accident, the plaintiff suffers from permanent injuries and a loss of earning capacity.

In connection with a prior lawsuit against Zurich American Insurance Company for uninsured motorist benefits for damages arising from this automobile accident, the plaintiff consulted with Brenda Mulder, M.B.A., an economist, and Michael Shahnasarian, Ph.D., a rehabilitation counselor and vocational evaluator, concerning the plaintiff's damages for loss of earning capacity (Doc. 149, p. 2). Mulder opined in her report that the present value of the plaintiff's pre-accident earning capacity is between $3,804,730 and $5,234,180 (Doc. 34-2, Mulder report, p. 4).[1] Mulder based

[1]Neither the motion nor the response contain a copy of these reports. They can be found in the court docket at 34-2.

this opinion on the assumptions that, but for the car accident, the plaintiff would have achieved a college bachelor's degree in civil engineering and would have been employed with his father's business by age 30 with an annual income of $120,000 plus profit sharing opportunities and other fringe benefits (id.). Dr. Shahnasarian performed a vocational rehabilitation evaluation of the plaintiff, and opined that, as a result of his injuries from the car accident, the plaintiff now has a residual earning capacity of minimum wage (Shahnasarian report, id. at p. 40).[2]

The plaintiff gave to the defendant a copy of Mulder's report and Shahnasarian's report prior to the commencement of this litigation in order to facilitate settlement (Doc. 149, p. 3).[3] This litigation subsequently commenced and, approximately two and one-half weeks prior to the expert

[2]It is noted in Dr.Shahnasarian's report that the plaintiff is making an hourly wage of nine dollars, which exceeds the federal minimum wage (Doc. 34-2, p. 11). However, Dr. Shahnasarian notes that the plaintiff makes this hourly wage because of his familial relationship, not because his abilities would command this wage in the general marketplace (id. at pp. 39-40).

[3]The plaintiff has not disclosed any additional reports or any file materials from Mulder or Shahnasarian to the defendant during the course of the litigation (Doc. 149, p. 3). Further, the plaintiff was granted a protective order which precluded the defendant from deposing Mulder or Shahnasarian in this case or discovering their file materials (see Doc. 41).

disclosure deadline, the plaintiff told the defendant that he did not intend to call Mulder or Shahnasarian as testifying experts (Doc. 161, pp. 2, 22-24). The plaintiff has retained other experts to give their opinions on these issues at trial.

The defendant has named Mulder and Shahnasarian as witnesses that it will probably call to testify at trial, and it has also identified their "report[s], materials and documents" as evidence that it may seek to admit at trial (Doc. 121, p. 4; Doc. 110, p. 4). The plaintiff seeks to exclude from trial the testimony, reports and file materials of Mulder and Shahnasarian, as well as any other evidence which references or discloses their opinions (Doc. 149, p. 1). The plaintiff argues that policy considerations militate against the defendant's use of his consulting, non-testifying experts or their reports at trial. Additionally, the plaintiff argues that this evidence should be excluded because the defendant failed to provide the plaintiff with expert witness disclosures required under Rule 26(a)(2), Fed.R.Civ.P., and that Mulder's opinions fail to meet the standards for admissibility under Rule 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Alternatively, the plaintiff argues that, if evidence related to the opinions of

Mulder or Shahnasarian is admitted, the defendant should be precluded from eliciting the fact that the plaintiff originally retained or consulted with Mulder or Shahnasarian because the prejudicial effect of that information far outweighs its probative value.   The defendant argues that, because the plaintiff voluntarily gave these reports to the defendant, it should be able to use them and question those experts about their reports at trial.   Oral argument was conducted on this motion.

II.

The thrust of the plaintiff's motion is that the policy considerations underlying the restrictive discovery of non-testifying experts pursuant to Rule 26(b)(4)(B), Fed.R.Civ.P., also compel exclusion of all evidence related to either expert at trial (Doc. 149, pp. 4, 6-7, 11-15). Under Rule 26(b)(4)(B), Fed.R.Civ.P., discovery of "facts known or opinions held by an expert who has been retained ... by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial" is permissible only upon a showing of exceptional circumstances. As the plaintiff acknowledges (id. at p. 6), this is a discovery rule which does not purport to address the admissibility of evidence at trial.

Originally, the discovery of such information raised work-product concerns. See 8 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d §2032, pp. 445-46. This consideration admittedly is not implicated in this case because the plaintiff voluntarily provided these reports to the defendant. Rather, the plaintiff argues that considerations of fairness warrant the exclusion of this evidence at trial. However, the fairness considerations identified by the plaintiff do not warrant exclusion of this evidence under the circumstances of this case. Rather, any such considerations are clearly outweighed by the competing policy consideration that a trial is a search for the truth and that this significant probative evidence should be admitted for the jury's consideration.

The plaintiff argues first that all evidence related to Mulder and Shahnasarian should be excluded because it is "inherently unfair to allow one party to benefit from its opponent's expenditure of funds and diligence in preparation by using its opponent's expert to establish its own case" (Doc. 149, p. 7; see also id. at p. 14). This argument is not persuasive because this case does not present a circumstance where the defendant merely relied upon the plaintiff to do its work for it. Rather, the defendant has retained its own forensic economic expert and, until approximately two weeks prior to the

expert witness deadline, reasonably relied upon Mulder's and Shahnasarian's reports as the plaintiff's assessment of his damages (Doc. 161, p. 7).[4] Further, defense counsel represented that the defendant will have its retained experts testify first in its case-in-chief. Of course, this raises the issue, not argued in the plaintiff's motion, that Mulder's and/or Shahnasarian's testimony may be cumulative. This is an objection that the plaintiff can raise at trial.

The plaintiff also argues that permitting the opposing party to compel his expert's testimony "would have a chilling effect on the willingness of other experts to serve as consultants" (Doc. 149, p. 15). This speculation does not justify the exclusion of this probative evidence. Further, it seems highly unlikely that an expert, many of whom rely upon such consultations for their livelihood, would reject work on this basis. Moreover, experts are not commonly placed in this position, as a party rarely provides to the opposing side an expert report in the absence of an intention to retain its author as a testifying witness.

---

[4]Notably, the plaintiff has not made any request that the defendant reimburse him for some, or all, of the amounts paid to the two experts. Such a request would likely be met by a response that the plaintiff has already gotten his money's worth from the two experts as a result of the use of their reports in successfully obtaining a settlement in the Zurich litigation. In all events, this issue was not raised by the plaintiff.

The plaintiff's final fairness argument is that any evidence related to Mulder or Shahnasarian should be excluded due to the risk of prejudice arising from the jury learning that they had previously consulted with the plaintiffs (Doc. 149, pp. 11-12). The Eleventh Circuit recognized in Peterson v. Willie, 81 F.3d 1033, 1037-38 (11th Cir. 1996), that there is a risk of unfair prejudice when a party calls its opponent's expert witness at trial and elicits the fact that the expert had been originally retained by the opposing party. Thus, the Eleventh Circuit, quoting Granger v. Wisner, 656 P.2d 1238, 1242 (Ariz. 1982), reasoned (id. at p. 1037):

> Jurors unfamiliar with the role of counsel in adversary proceedings might well assume that plaintiff's counsel had suppressed evidence which he had an obligation to offer. Such a reaction could destroy counsel's credibility in the eyes of the jury.

However, as the plaintiff acknowledged in his motion (Doc. 149, pp. 7-9), the Eleventh Circuit does not require exclusion of this expert evidence because the risk of prejudice can be minimized by precluding the defendant from eliciting the fact that the plaintiff had originally retained the experts. See Peterson v. Willie, supra, 81 F.3d at 1037-38. Importantly, the Peterson case is binding precedent. Therefore, the appropriate remedy is to preclude the

defendant from eliciting, or suggesting, that the plaintiff originally retained or consulted with Mulder and Shahnasarian as experts in this case.[5]

The plaintiff nonetheless argues that this remedy is inadequate, contending that it "would not be feasible for the Defendant to present their [sic] testimony without disclosing the fact of [the experts'] prior consultation with the Plaintiff" and that "it would be impossible ... to conduct a meaningful cross-examination regarding the basis for their testimony without revealing the fact that they were retained by the Plaintiff" (Doc. 149, p. 14). This conclusory statement is not supported by any meaningful explanation.[6] The only specific argument made in this regard is that "[t]he jury would infer from the dates and the contents of the reports that the Plaintiff had retained Ms. Mulder and Dr. Shahnasarian, and Dr. Shahnasarian's report is explicit

---

[5]On the other hand, the Eleventh Circuit has cautioned that this exclusion is not absolute. For example, if the party who originally retained the expert seeks to attack the expert's qualifications, the trial court may decide to permit the opposing party to rehabilitate the witness by showing that the party had thought enough of the witness's qualifications to consult him or her. Peterson v. Willie, supra, 81 F.3d at 1038 n.5.

[6]It appears to me that the plaintiff's counsel can expose alleged deficiencies regarding every aspect of these expert opinions, including the factual basis, methodology, and thoroughness of preparation, without opening the door or otherwise suggesting who retained them as experts. Indeed, the fact of the plaintiff's cross-examination seemingly would suggest that these experts were retained by the defense.

Similarly, the defendant can examine these experts without eliciting, or suggesting, that the plaintiff originally retained them through limiting the types of questions that are posed to these experts. See Granger v. Wisner, supra, 656 P.2d at 1242.

that he was retained by Plaintiff" (id.). However, this problem could be remedied by simply redacting the offending information.

In sum, Mulder's and Shahnasarian's testimony and reports constitute probative evidence on the issue of the plaintiff's economic damages, and the plaintiff has not shown that the policy concerns underlying Rule 26's restrictive discovery of non-testifying experts warrant the preclusion of this testimony at trial. Rather, the only substantial concern raised by the plaintiff in this motion is the prejudicial effect of disclosing to the jury that he originally retained Mulder and Shahnasarian as experts in this case. This concern can be ameliorated with limiting directions to counsel as indicated above.

III.

The plaintiff argues further that, independent of policy considerations, evidence related to the opinions of Mulder and Shahnasarian should be excluded from trial.

A. In this connection, the plaintiff argues first that such evidence is inadmissible because the defendant failed to designate Mulder and Shahnasarian as expert witnesses or provide the expert witness

disclosures required by Rule 26(a)(2), Fed.R.Civ.P. (id. at pp. 9-10). Rule 26 imposes specific disclosure requirements upon expert witnesses. A party who, without substantial justification, fails to disclose this information is not permitted to use the witness as evidence at trial unless such a failure is harmless. Rule 37(c)(1), Fed.R.Civ.P.

The defendant aptly points out that it did not provide any expert disclosures because it believes that it is precluded from contacting these experts regarding this case since they were retained by the plaintiff. Therefore, this case does not present a situation where the defendant willfully disregarded the rules. Further, the plaintiff has failed to show prejudice which would warrant the drastic remedy of excluding such evidence. Thus, because Mulder and Shahnasarian were originally retained as the plaintiff's experts, the plaintiff is fully aware of their expert opinions and he is in possession of their expert reports. Moreover, the plaintiff ostensibly concluded that Mulder and Shahnasarian were qualified to opine on these issues, as he not only retained them, but provided their expert reports to opposing counsel in connection with two lawsuits.

The plaintiff argues that his retention of these experts does not cure these deficiencies because the reports (Doc. 149, p. 10)(emphasis omitted)

> were written by Ms. Mulder and Dr. Shahnasarian for the Plaintiff's use in another case, before the present litigation had been commenced, they do not serve Rule 26(a)(2)(B)'s purpose of informing the Plaintiff of what opinions the Defendant would hope to elicit from Ms. Mulder or Dr. Shahnasarian at trial two and a half years later. Nor do they inform the Plaintiff of whatever additional data or information Ms. Mulder and Dr. Shahnasarian may have considered during the years since they authored those reports.

These concerns were dispelled at the hearing, where defense counsel represented that the examination of these witnesses would be limited to the four corners of each report, and that the operative reports are the ones given to it by the plaintiff. Thus, defense counsel elaborated that no additional data or information has been obtained from these experts regarding their opinions in this matter, and that he has not had any contact with either of these experts regarding this case because they were retained by the plaintiff.[7] Therefore,

[7]The plaintiff also argues that "the 2004 reports do not list the witnesses' qualifications, all publications authored by the witnesse[s] during the preceding ten years, the compensation to be paid to them for their testimony or any additional study they may have performed, or the cases in which they have testified within the preceding (*continued*)

the evidence from Shahnasarian and Mulder is wholly based on the reports and opinions formed by them when they were retained by the plaintiff and, as a result, any failure to comply with the procedural requirements of Rule 26 is, at most, harmless error.

B. The plaintiff also argues that Mulder's testimony and report fail to meet the standards for admissibility of expert testimony under Rule 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., supra (Doc. 149, pp. 18-20).

Mulder's report (Doc. 34-2, pp. 1-4) is fairly characterized as "bare bones." However, a Daubert hearing is not automatically required each time an expert witness's opinions are challenged, especially in this circumstance, where the issue presented is a common, and not unduly complex, determination of future earning capacity.

The plaintiff apparently thought Mulder's opinions had an adequate basis in fact and a sufficient methodology to present them to opposing counsel as expert opinions regarding the plaintiff's damages in two

(*Continued*) four years" (Doc. 149, p. 10). It is hard to conceive that this information will play a significant role in this case but, in any event, the plaintiff can simply obtain this information himself by contacting the experts, which the defendant is not in a position to do.

cases. Nonetheless, the plaintiff argues that Mulder's report and opinions should be excluded from trial because Mulder does not identify the sources of her data and does not explain the methods she used to reach her conclusions (Doc. 149, p. 19). The alleged deficiencies do not warrant the drastic remedy of exclusion.

First, it is self-evident that a significant source of Mulder's data is the plaintiff's family, as her report references facts that are also contained in the report of plaintiff's economic expert Dr. Raffa, who received factual information from the plaintiff's father (see Doc. 114-2). Further, Mulder's report is not bereft of a basis for her opinion as to the plaintiff's pre-accident earning capacity. Thus, she indicates that her opinion is based on the assumption that the plaintiff's work expectancy was 42.2 years and that the plaintiff would have joined his father's business by age 30 at an earnings level of $120,000, plus profit sharing opportunities and other fringe benefits (Doc. 34-2, p. 4). Therefore, the report is not so bare bones that it lacks a factual basis or precludes the plaintiff from conducting an effective cross-examination regarding the basis for Mulder's opinions.

Of course, since Mulder is an expert retained by the plaintiff, the plaintiff can simply telephone Mulder and request this information, which the defendant feels ethically bound not to do. Consequently, the plaintiff cannot make a plausible argument that the testimony of the two experts should be excluded on the ground that the plaintiff was not provided adequate information concerning their testimony.

In sum, the plaintiff has not identified deficiencies in Mulder's report which warrant the drastic remedy of exclusion. Rather, all of these purported deficiencies can be raised on cross-examination and argued to the jury at closing arguments.

IV.

For the foregoing reasons, I recommend that the motion be denied in all respects except that the defendant should be precluded from eliciting, or suggesting, that Mulder and Shahnasarian were originally retained as plaintiff's experts.

Respectfully submitted,

Thomas G. Wilson

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: OCTOBER 16, 2007

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).