UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLAYTON KEARNEY,

      Plaintiff,

v.                                                      Case No.  8:06-cv-595-T-24

AUTO-OWNERS INSURANCE
COMPANY,

      Defendant.
_____/

**ORDER**

This cause comes before the Court on the following motions by Plaintiff, Clayton Kearney ("Kearney"): Motion *in Limine* Regarding Plaintiff's Subsequent Arrest for Driving Under the Influence (Doc. No. 144); Motion *in Limine* Regarding Prior Payments and Settlements (Doc. No. 150); and Motion *in Limine* Regarding Use of Marijuana (Doc. No. 151). Defendant Auto-Owners Insurance Company ("Auto-Owners") has responded to each of these motions (Doc. Nos. 167, 165, and 151, respectively). The Court will address each in turn.

**I.**    **Motion *in Limine* Regarding Plaintiff's Subsequent Arrest for Driving Under the Influence**

On April 27, 2007, Kearney was arrested and charged with misdemeanor driving under the influence. Kearney's arrest occurred after the accident that forms the basis of the instant case. Kearney argues that Auto-Owners should not be permitted to offer evidence of his arrest, charges, and blood alcohol on April 27, 2007, because such evidence is irrelevant, and if relevant, the probative value of such evidence is substantially outweighed by the danger of unfair

prejudice.  Auto-Owners responds that this evidence is relevant to Kearney's claim for loss of enjoyment of life and also to his claim for future loss of earning capacity.  Auto-Owners also points out that both Kearney's vocational rehabilitation expert and Kearney's psychiatrist were provided information from Kearney and his family members that he did not drink alcohol.  The Court finds that evidence of Kearney's April 27, 2007 arrest for driving under the influence is not relevant to the issues in this case.  However, the Court notes that if Kearney presents evidence that he does not consume alcohol, then Auto-Owners may use evidence of Kearney's April 27, 2007 arrest for impeachment purposes.  As such, Kearney's motion (Doc. No. 144) is **GRANTED**.

## II.     Motion *in Limine* Regarding Prior Payments and Settlements

Kearney argues that evidence of prior payments from both Auto-Owners and Zurich American Insurance Company[1] ("Zurich") should be excluded at trial.  The specific evidence Kearney seeks to exclude includes the following: (1) that Zurich paid Kearney $500,000 from the uninsured motorist coverage of an insurance policy issued by Zurich; (2) that Kearney and Zurich entered into a settlement agreement to resolve Kearney's claims against Zurich for uninsured motorist benefits and bad faith, and the amount of the settlement; and (3) that Auto-Owners previously paid Kearney $30,000 from the uninsured motorist coverage of the primary policy issued by Auto-Owners.  Kearney contends that this evidence is irrelevant, unfairly prejudicial, and inadmissible under Florida's common-law collateral source rule.  Auto-Owners counters that this evidence is highly relevant to Kearney's claim for loss of future earning capacity, in that it bears on Kearney's motivation to earn money in the future.

---

[1] Kearney sued Zurich in a separate case resulting from the same car accident that forms the basis of this case.  Kearney and Zurich were able to come to a settlement in that case, and both the settlement amount and settlement agreement were filed with this Court under seal.

"Upon proper objection, the collateral source rule prohibits introduction of any evidence of payments from collateral sources." *Sheffield v. Superior Ins. Co.*, 800 So. 2d 197, 200 (Fla. 2001) (citing *Gormley v. GTE Products Corp.*, 587 So. 2d 455, 457 (Fla. 1991)).  The Court finds that evidence of the $500,000 payment from Zurich falls within the scope of the rule, as does the amount of the settlement between Kearney and Zurich.  To allow such evidence before the jury would "mislead[] the jury on the issue of liability and, thus, subvert[] the jury process." *Gormley v. GTE Products Corp.*, 587 So. 2d 455, 457 (Fla. 1991).

As for the $30,000 that Auto-Owners previously paid to Kearney, the Court does not agree that this falls within the purview of the collateral source rule.  The collateral source rule relates to situations where "an injured party receives compensation for its injuries from a source *independent of the tortfeasor . . .*." BLACK'S LAW DICTIONARY 256 (7th ed. 1999) (emphasis added).  The $30,000 that Kearney has already received from Auto-Owners is not a source independent from the tortfeasor, because in this case, Auto-Owners is the alleged tortfeasor.  As such, the Court finds that the collateral source rule does not bar the admission of evidence of the $30,000 payment Auto-Owners previously made to Kearney.

The Court notes, however, that on August 2, 2007, Kearney dismissed with prejudice Counts One and Three of his complaint (Doc. Nos. 138), which were both based on the uninsured motorist coverage of the primary policy benefit of $30,000.  As a result of this dismissal, the only remaining counts in this case are based on the uninsured motorist coverage of the umbrella policy.  As such, the Court is uncertain as to how the $30,000 payment from Auto-Owners to Kearney is relevant to any issue left in the litigation.  The Court is not persuaded by Auto-Owners' argument that evidence of this $30,000 payment is relevant to Kearney's claim for future loss of earning capacity.  Accordingly, Kearney's motion (Doc. No. 150) is **GRANTED**.

### III.  Motion *in Limine* Regarding Use of Marijuana

Kearney moves to exclude evidence of his use of marijuana after the accident. Kearney argues that such evidence is irrelevant, unfairly prejudicial, and improper character impeachment evidence. Auto-Owners counters that such evidence is relevant to Kearney's claims for loss of earning capacity, his claims for physical and mental injuries, and his life expectancy. Auto-Owners further contends that there is inconsistent testimony regarding Kearney's marijuana use, and therefore, this evidence bears directly on his credibility.

Kearney claims that he suffered a brain injury as a result of the accident and now suffers from depression, anxiety, inattentiveness, paranoia, and memory loss. Kearney's psychiatrist, Dr. Joseph Lupo, testified that Kearney's marijuana use could affect Kearney's mental state, as the medications Kearney takes are not necessarily compatible with marijuana. Because Kearney is seeking damages for mental anguish and loss of future earnings, his mental state is relevant to the instant case. Therefore, the Court finds that evidence of his marijuana use could be relevant. Accordingly, Kearney's motion to exclude evidence of his use of marijuana after the accident (Doc. No. 151) is **DENIED**.

Upon consideration, it is **ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion *in Limine* Regarding Plaintiff's Subsequent Arrest for Driving Under the Influence (Doc. No. 144) is **GRANTED**;

(2) Plaintiff's Motion *in Limine* Regarding Prior Payments and Settlements (Doc. No. 150) is **GRANTED**; and

(3) Plaintiff's Motion *in Limine* Regarding Use of Marijuana (Doc. No. 151) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of October, 2007.

                                                                SUSAN C. BUCKLEW
                                                                United States District Judge

Copies to: Counsel of Record