UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLAYTON KEARNEY,

      Plaintiff,

v.                                                                                            Case No. 8:06-cv-595-T-24

AUTO-OWNERS INSURANCE
COMPANY,

      Defendant.
_____/

## ORDER

This cause comes before the Court on the following motions by Defendant, Auto-Owners Insurance Company ("Auto-Owners"): Motion *in Limine* Regarding Evidence of Plaintiff's Future Medical and Life-Care Expenses (Doc. No. 146); Motion *in Limine* Regarding Evidence of Plaintiff's Past Medical Expenses (Doc. No. 147); and Motion *in Limine* Regarding Plaintiff's Exhibit Number 6 – Videotape of Clayton Kearney (Doc. No. 148). Plaintiff Clayton Kearney ("Kearney") has responded to each of these motions (Doc. Nos. 174, 175, and 169, respectively). The Court will address each motion in turn.

**I.**      **Motion *in Limine* Regarding Evidence of Plaintiff's Future Medical and Life-Care Expenses**

Auto-Owners argues that Kearney should not be permitted to introduce evidence of Kearney's future medical and life-care expenses. These future medical and life-care expenses are predicated upon a life-care plan prepared by Kearney's vocational rehabilitation expert, Kenneth W. Reagles, Ph D. Auto-Owners states that Dr. Reagles' report provides that Kearney will require future medical and life-care expenses, even though Kearney has not incurred such

medical and life-care expenses to date (with a few exceptions). Auto-Owners argues that because Kearney has not shown that these future medical and life-care expenses are reasonably certain to be incurred in the future, he should not be able to present evidence of them during trial.

Kearney concedes that he may only recover damages for future medical and life-care expenses if it is shown that such expenses are reasonably certain to be incurred in the future. However, the issue of whether Kearney is reasonably certain to incur future medical and life-care expenses is an issue to be determined by the jury. Kearney argues that whether he provides sufficient evidence to support his claim for future medical and life-care expenses is a separate issue from the admissibility of such evidence. Kearney contends that he should be able to present the evidence in question, and then it should be left to the jury to determine whether he is reasonably certain to incur these future medical and life-care expenses. The Court agrees, and it will not exclude evidence of Kearney's future medical and life-care expenses. Auto-Owners may cross-examine Dr. Reagles regarding the life-care plan he prepared for Kearney, whether Kearney has incurred these types of medical and life-care expenses to date, and whether he is likely to incur them in the future. Accordingly, Auto-Owners' motion (Doc. no. 146) is **DENIED**.

**II.      Motion *in Limine* Regarding Evidence of Plaintiff's Past Medical Expenses**

Auto-Owners moves the Court to exclude evidence of Kearney's past medical expenses. Auto-Owners argues that Kearney's health insurance provider, United Healthcare, paid a portion of Kearney's medical expenses and has not claimed a right of subrogation or reimbursement. Auto-Owners also points out that Kearney's prior lawsuit against Zurich American Insurance

Company[1] resulted in a large settlement, the amount of which greatly exceeds all of Kearney's past medical expenses. As a result of these payments, Auto-Owners believes that Kearney should not be able to pursue past medical expenses from it, and therefore should be precluded from presenting evidence of such expenses. Kearney responds that contrary to Auto-Owners' contention otherwise, United Healthcare has asserted a lien and right of subrogation over any settlement proceeds for the past medical expenses that it paid (Doc. No. 175-2). Kearney also argues that any payments he has received from either his health insurance provider or a prior settlement should not operate to exclude evidence of his past medical expenses during trial. Kearney contends that these payments, and whether Auto-Owners is entitled to a set-off, should instead be dealt with post-trial.

The Court finds that the statutes and case law cited by Auto-Owners to support its motion do not require the Court to exclude evidence of past medical expenses, and that Kearney may present such evidence during trial. The Court will consider whether Auto-Owners is entitled to any set-off against a jury award, as a result of the payments Kearney received from either his health insurance provider or a prior settlement, after the jury returns its verdict. Accordingly, Auto-Owners' motion (Doc. No. 147) is **DENIED**.

### III.   Motion *in Limine* Regarding Plaintiff's Exhibit Number 6 – Videotape of Clayton Kearney

Auto-Owners moves to exclude Plaintiff's Exhibit Number 6 – Videotape of Clayton Kearney at Tampa General Hospital. Auto-Owners objects to this videotape because it was not

---

[1] Kearney sued Zurich American Insurance Company in a separate case resulting from the same car accident that forms the base of this case. Kearney and Zurich American Insurance Company were able to come to a settlement in that case, and both the settlement amount and settlement agreement were filed with this Court under seal.

timely produced, it is not relevant to any issues in this case, and also because its probative value is substantially outweighed by the danger of unfair prejudice. Kearney responds that the production of the videotape to Auto-Owners was not a discovery violation, because he did not have the videotape in his possession when Auto-Owners' discovery request was served. Kearney also argues that the videotape is relevant to show the scope of his injuries and to the issue of non-economic damages, and should not be excluded on grounds of unfair prejudice.

After viewing the videotape, the Court finds that it should be excluded. Portions of the videotape are not relevant to the issues in this case, such as the clips showing the helicopter pad, various flower bouquets, cards, and notes sent to Kearney during his hospital stay. As to those portions of the videotape that may be relevant, any relevance is substantially outweighed by the danger of unfair prejudice. As such, Auto-Owners' motion to exclude the videotape (Doc. No. 148) is **GRANTED**.

Upon consideration, it is ORDERED AND ADJUDGED that:

(1) Auto-Owners' Motion *in Limine* Regarding Evidence of Plaintiff's Future Medical and Life-Care Expenses (Doc. No. 146) is **DENIED**;

(2) Auto-Owners' Motion *in Limine* Regarding Evidence of Plaintiff's Past Medical Expenses (Doc. No. 147) is **DENIED**; and

(3) Auto-Owners' Motion *in Limine* Regarding Plaintiff's Exhibit Number 6 – Videotape of Clayton Kearney (Doc. No. 148) is **GRANTED**.

4

**DONE AND ORDERED** at Tampa, Florida, this 24th day of October, 2007.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record