UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLAYTON KEARNEY.

       Plaintiff,

v.                                         Case No. 8:06-cv-595-T-24-TGW

AUTO-OWNERS INSURANCE
COMPANY,

       Defendant.

_____/

**O R D E R**

      This cause comes before the Court on Defendant's Motion *in Limine* Regarding Evidence of Plaintiff's Future Earning Capacity (Doc. No. 145).  Plaintiff has filed a response in opposition (Doc. No. 173).

      Defendant moves this Court to prohibit the introduction of the Plaintiff's father's (Bing Kearney) 2005 tax return and estimated 2006 tax return.  Defendant argues that the tax returns were produced after the close of discovery, are irrelevant to the instant case, and would unfairly prejudice Defendant since it has not been able to conduct any discovery with regard to the tax returns.  Defendant also moves to exclude the testimony of Frederick A. Raffa, PhD, on the issue of Plaintiff's future loss of earnings as being speculative, confusing, and unfairly prejudicial.

      Plaintiff responds that the production of Bing Kearney's tax returns was not a discovery violation, because he did not have the tax returns when Defendant's discovery request was served.  Plaintiff alternatively contends that any discovery violation was harmless and should not operate to exclude the tax returns.  Plaintiff argues that the tax returns are relevant to corroborate

Bing Kearney's testimony regarding his income and the income Plaintiff would have earned once he assumed the same position as his father.  As for Dr. Raffa's testimony, Plaintiff states that Defendant has misconstrued the scope and nature of it.

Although Plaintiff did not timely comply with Defendant's discovery request regarding evidence of loss of future earnings, the Court agrees that any discovery violation by Plaintiff in the production of Bing Kearney's tax returns was harmless.  Defendants have had the tax returns since July 11, 2007 – approximately four months prior to trial.  As to the relevance of these tax returns and whether Plaintiff's introduction of them will unfairly prejudice Defendant, the Court finds that Plaintiff has adequately explained their relevance.  Defendant may make its objection to the introduction of the tax returns as being unfairly prejudicial, under Rule 403 of the Federal Rules of Evidence, at trial.

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion *in Limine* Regarding Evidence of Plaintiff's Future Earnings Capacity (Doc. No. 145) is **DENIED** as it relates to Bing Kearney's 2005 tax return and estimated 2006 tax return.  The Court has already deferred ruling on the admissibility of Dr. Raffa's testimony until trial in a previous order (Doc. No. 230).

**DONE AND ORDERED** at Tampa, Florida, this 30th day of October, 2007.

Susan C. Bucklew

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record