UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLAYTON KEARNEY.

   Plaintiff,

v.                       Case No. 8:06-cv-595-T-24-TGW

AUTO-OWNERS INSURANCE
COMPANY,

   Defendant.
_____/

**O R D E R**

   This cause comes before the Court for consideration of two motions *in limine* directed to the testimony of Laura Liptai, PhD, who intends to offer opinions at trial in support of Defendant's seatbelt defense.  The first motion is Plaintiff's Motion *in Limine* Regarding Expert Testimony of Dr. Liptai Derived from Experimental Data Produced from a 2003 HIC Experiment She Performed (Doc. No. 152).  The second motion is Plaintiff's Motion *in Limine* Regarding Expert Testimony of Dr. Liptai Derived from Consultation with a Non-Testifying Expert (Doc. No. 134).

   These motions were considered by United States Magistrate Judge Thomas G. Wilson pursuant to an order of referral (Doc. No. 188).  After considering the motions, Magistrate Judge Wilson filed his Report and Recommendation (Doc. No. 205).  In the Report and Recommendation, Magistrate Judge Wilson recommended that Plaintiff's first motion, to exclude testimony based on Dr. Liptai's 2003 head injury experiment, should either be denied without

1

prejudice or deferred until trial, but that by agreement of the parties, Defendant could mention Dr. Liptai's ultimate opinions during opening statements as long as it did not mention the 2003 head injury experiment or a document called the "Nissan Report."  Magistrate Judge Wilson also recommended that Plaintiff's second motion, to exclude any information Dr. Liptai obtained from Dr. William Hoddick, a radiologist who will not testify, should be granted, with the limited exception that she be permitted to list Dr. Hoddick as one of her sources.  All parties were furnished copies of the Report and Recommendation, and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1).  Both Plaintiff and Defendant filed objections to the Magistrate's Report and Recommendation (Doc. No. 232 and 219, respectively).

      Plaintiff objects to Magistrate Judge Wilson's Report and Recommendation regarding Dr. Liptai's 2003 head injury experiment.  Plaintiff argues that the Court should hold a <u>Daubert</u> hearing, outside the presence of the jury, before allowing Dr. Liptai to testify at trial.  Defendant objects to Magistrate Judge Wilson's Report and Recommendation regarding the exclusion of any information Dr. Liptai obtained from Dr. Hoddick.  Defendant argues that Dr. Liptai should be permitted to comment on the fact that she consulted with Dr. Hoddick, what Dr. Hoddick did, and the significance of his involvement with respect to her scope of work in this matter.

      Upon consideration of the Report and Recommendation and the parties' objections thereto, and upon this Court's independent examination of the file, the Court determines that it will defer ruling on both motions until immediately before Dr. Liptai is called as a witness.  If necessary, the Court can require that Dr. Liptai's testimony first be proffered outside the presence of the jury before she is allowed to testify.  Defendant may mention Dr. Liptai's ultimate opinions during opening statements, but shall not mention the 2003 head injury

experiment or a document called the "Nissan Report."

Accordingly, it is now **ORDERED AND ADJUDGED** that

    (1)    The Court defers ruling on Plaintiff's Motion *in Limine* Regarding Expert Testimony of Dr. Liptai Derived from Experimental Data Produced from a 2003 HIC Experiment She Performed (Doc. 152) until trial; and

    (3)    The Court defers ruling on Plaintiff's Motion *in Limine* Regarding Expert Testimony of Dr. Liptai Derived from Consultation with a Non-Testifying Expert (Doc. No. 134) until trial.

**DONE AND ORDERED** at Tampa, Florida, this 1st day of November, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
The Honorable Thomas G. Wilson
Counsel of Record

3