UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLAYTON KEARNEY,

        Plaintiff,

v.                                                                          Case No.  8:06-cv-595-T-24TGW

AUTO-OWNERS INSURANCE COMPANY,

        Defendant.
_____/


**O R D E R**

      This cause comes before the Court on Plaintiff's Motion to Determine that Defendant is

Not Entitled to Any Set-Off for Prior Recoveries.  (Doc. No. 296.)  Defendant has filed a

response in opposition.  (Doc. No. 299.)

      On July 27, 2002, Plaintiff Clayton Kearney ("Kearney") was a passenger in an

uninsured motor vehicle that was involved in an accident in which Kearney suffered serious

bodily injuries.  At the time of the accident, three insurance policies provided Kearney with

uninsured motor vehicle ("UM") coverage:

     (1)      a Commercial Auto policy issued by Zurich American Insurance Company

            ("Zurich"), providing primary UM coverage of $500,000 for each occurrence;

     (2)      a Recreational Vehicle Policy issued by Defendant Auto-Owners Insurance

            Company ("Auto-Owners"), providing primary UM coverage of $30,000 for each

            occurrence; and

     (3)      an Umbrella Policy issued by Auto-Owners, providing UM coverage of

$5,000,000 for each occurrence in excess of the retained limit of the policy.

Kearney filed suit against Zurich in state court, in an action styled *Clay Kearney v. Anthony David Sorrentino and Zurich American Insurance Company*, case number 04-CA-003457 (the "Zurich lawsuit"). (Doc. No. 48-3.) In the Zurich lawsuit, Kearney sought to recover the full amount of his damages covered under Zurich's UM Commercial Auto policy, as well as his total damages suffered as a result of the accident and as a result of Zurich's bad faith and unfair claims handling practices. On October 19, 2004, Zurich paid Kearney $500,000, the limits of the UM coverage under the Commercial Auto policy. On September 8, 2005, Kearney entered into a settlement agreement with Zurich, resolving all disputes between them relating to the accident and the Commercial Auto policy, Zurich's handling of Kearney's claim, and any other claims that were or could have been asserted in the Zurich lawsuit.[1]

After Kearney reported his claim to Auto-Owners, Auto-Owners tendered to Kearney the $30,000 in UM coverage under the Recreational Vehicle Policy, but initially refused to tender the $5,000,000 in UM coverage under the Umbrella Policy. In response, on February 24, 2006, Kearney filed a four-count complaint against Auto-Owners in state court. (Doc. No. 2.) On April 7, 2006, Auto-Owners filed its notice of removal. (Doc. No. 1.) Kearney's initial complaint against Auto-Owners asserted four separate counts: Count I was a claim for additional UM benefits under the Recreational Vehicle Policy; Count II was a claim for UM benefits under the Umbrella Policy; Count III was a claim for bad faith handling of Kearney's claim under the Recreational Vehicle Policy; and Count IV was a claim for bad faith handling of Kearney's claim under the Umbrella Policy. During the course of litigation in this action, Auto-Owners

---

[1]The amount of this settlement is confidential, but has previously been disclosed to the Court in documents filed under seal.

tendered to Kearney the $5,000,000 in UM coverage under the Umbrella Policy.

At the time of trial, the only Count that remained was Count IV of Kearney's complaint for Auto-Owners' bad faith handling of his claim under the Umbrella Policy.[2]  However, because the parties had agreed to defer resolution of Kearney's bad faith claim until the issues of policy coverage, liability, and damages had been resolved, the Court bifurcated the liability and damage issues from the bad faith issues.  This Court held a jury trial on liability and damages in November of 2007.

On the first day of trial, Kearney informed the Court that he was dropping his prior claims for damages in the form of: (1) past and future medical bills; (2) loss of past earnings; (3) loss of the ability to enjoy life; and (4) and future pain and suffering, disability, physical impairment, disfigurement, or mental anguish.  The only remaining damages to be determined by the jury were Kearney's damages for future lost earning ability and his damages for past pain and suffering, disability, physical impairment, and disfigurement or mental anguish.[3]  Following the trial, the jury returned a verdict determining that Kearney was contributorily negligent in failing to wear a seatbelt, and that his share of negligence was twenty percent (20%).  (Doc. No. 262.)  The jury also determined that Kearney's damages for future lost earning ability was $35,000,000, and that his damages for past pain and suffering was $25,000,000.  (Doc. No. 262.)

_____

[2]On August 2, 2007, the parties filed a joint stipulation for the dismissal of counts I and III of Kearney's complaint.  (Doc. No. 138.)  On August 3, 2007, the Court entered an order dismissing Counts I and III of Kearney's complaint with prejudice.  (Doc. No. 139.)  On November 11, 2007, Kearney filed a motion to voluntarily dismiss Count II of his complaint with prejudice (except any claim for attorney's fees and taxable costs related thereto) (Doc. No. 237), which the Court granted on November 5, 2007 (Doc. No. 243).

[3]While Kearney sought damages for his past pain and suffering, disability, physical impairment, and disfigurement or mental anguish, the Court will refer to these damages simply as "pain and suffering" throughout the rest of this Order.

Accounting for Kearney's 20% of contributory negligence, the total amount of damages awarded was $48,000,000.

On December 14, 2007, Kearney filed the instant motion, arguing that this Court should find that Auto-Owners is not entitled to any set-offs against the $48,000,000 damages award for any recoveries Kearney previously received from either Zurich or Auto-Owners.  On January 3, 2008, Auto-Owners responded, arguing that they were entitled to such set-offs.  On January 8, 2008, this Court held a hearing on Kearney's motion and heard oral argument from both parties on the subject.

Upon consideration, the Court concludes that it is premature to rule on Kearney's motion until Count IV of his complaint – alleging that Auto-Owners acted in bad faith in handling his claim under the Umbrella Policy – is resolved.  Accordingly, it is **ORDERED AND ADJUDGED** that Kearney's Motion to Determine that Defendant is Not Entitled to Any Set-Off for Prior Recoveries (Doc. No. 296) is **DENIED WITHOUT PREJUDICE**.  Kearney may re-file his motion, if necessary, after Count IV of his complaint is resolved.

**IT IS SO ORDERED** at Tampa, Florida, this 7th day of August, 2008.

*Susan C. Bucklew*

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record