UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLAYTON KEARNEY,

    Plaintiff,

v.                                                      Case No. 8:06-cv-00595-T-24 TGW

AUTO-OWNERS INSURANCE COMPANY,

    Defendant.
_____/

## **ORDER**

The Court now considers Plaintiff Clayton Kearney's second motion for partial summary judgment (Doc. 469), which Defendant opposes. (Doc. 487.)

The Court incorporates in this order its statement of facts and all other relevant portions of its Order denying Defendant's motion for summary judgment. (Doc. 509.) Because the Court discussed the facts of this case in detail in its prior order, it will not repeat those facts here. Moreover, because the Court analyzed in its prior order many of the same legal issues that Plaintiff raises, it will not repeat its legal analysis in detail here.

In his motion for partial summary judgment, Clayton Kearney asks the Court to rule on four legal issues, which he contends will narrow the issues for trial. A court may enter a partial summary judgment order such as the one that Clayton Kearney requests in order to narrow the issues for trial. If the law allows the Court to narrow the issues for trial, it will do so. However, the Court will not issue an advisory opinion on a question framed solely to advance a party's argument before the jury and to improperly invade the jury's role as fact finder.

1

A.  **Clayton Kearney's First Issue**

Clayton Kearney asks this Court to rule that Auto-Owners' obligation to pay its umbrella policy was not conditioned on Clayton Kearney actually collecting payment from Zurich American Insurance Company.[1] The ruling that Clayton Kearney seeks might neutralize a defense that Auto-Owners has not raised.[2]

Auto-Owners does not argue that Zurich's payment of funds to Clayton Kearney triggered its duty to pay its umbrella excess policy. Instead, Auto-Owners argues that Clayton Kearney's showing that he had exhausted his primary insurance would trigger Auto-Owners' duty to pay under its umbrella excess policy. The important event was not the payment of money, but the legal determination that Zurich owed no more than $500,000 to Clayton Kearney under its primary insurance policy.

Thus, because Clayton Kearney's argument does not squarely address the legal issue in this case—and could be used to confuse the jury—the Court declines to make a ruling on this issue at this time.

B.  **Clayton Kearney's Second and Third Issues**

Kearney's next two arguments, although framed in slightly different ways, essentially raise the same issue. First, Kearney asks the Court to rule that Auto-Owners' umbrella policy did not require it to "seek a judicial determination" of liability, damages, and exhaustion before paying benefits to Clayton Kearney. Second, Clayton Kearney asks the Court to rule that Auto-

---

[1] Auto-Owners also issued a primary "Recreational Vehicle" policy with a $30,000 limit that covered Clayton Kearney, but the Court recognizes that the legal questions about Zurich's primary policy are at the center of this case.

[2] Even after Clayton Kearney collected $500,000 from Zurich in November 2004, Auto-Owners still did not pay under its umbrella policy for three more years.

2

Owners did not have an "absolute" right to seek a judicial determination of coverage, damages or underlying primary coverage.

As the Court stated in its Order denying Auto-Owners' motion for summary judgment (Doc. 509), Auto-Owners was neither required to go to court to resolve the legal issues in this case, nor prohibited from doing so, so long as it acted in good faith at all times. On one hand, "[i]nsurers have a right and a duty to other policyholders to contest illegitimate claims," such as those involving fraud. Time Ins. Co., Inc. v. Burger, 712 So.2d 389, 393 (Fla. 1998). On the other hand, an insurance company does not immunize itself from a bad-faith claim merely because it raises a non-frivolous issue in court.[3]

An insurance company may not be liable for bad faith as a matter of law where it seeks a declaratory action of its duties and rights (1) where the insurer raises a coverage issue "subject to serious debate;" (2) where the insurer's denial of coverage is "well-reasoned;" (3) where there is no evidence that the insurer misrepresented its policy terms; (4) where the insurer did not subject the insured to additional damage beyond denying coverage; and (5) where the evidence cannot support a jury verdict of bad-faith. Pozzi Window Co. v. Auto-Owners Ins. Inc., 446 F.3d 1178, 1189 (11th Cir. 2006). In Pozzi, the legal coverage issue "subject to serious debate" involved an unsettled issue of Florida law that had split the state's appellate courts. In this case, the present legal issue involves a fact question about whether Kearney Development Company, Inc. and Zurich made a mutual mistake in issuing an insurance policy as stacking.

When viewing the facts and drawing every inference in the light most favorable to Auto-Owners, all of these conditions in Pozzi cannot be met as a matter of law at the summary

---

[3] Nor does the law automatically find an insurer to be acting in bad-faith because it raised, and lost, an issue in court. Vest v. Travelers Ins. Co., 753 So. 2d 1270, 1275 (Fla. 2000).

3

judgment stage. Therefore, the Court declines to grant summary judgment on Clayton Kearney's second and third issues.

C.      **Clayton Kearney's Fourth Issue**

Clayton Kearney also asks this Court to rule that he did not breach the cooperation clause of Auto-Owners' umbrella policy by settling his lawsuit against Zurich without giving notice to Auto-Owners. The cooperation clause of the umbrella policy states:

> Except as provided in Defense—Settlement coverage and Underlying Insurance [sections] above, we shall not be called upon to assume defense or settlement of any claim or suit. However, we shall have the right and opportunity to associate with the insured in the handling of any claim or suit likely to involve us. In such event there shall be full cooperation between the insured and us.

(Amended Complaint, Doc. 341-3 at 18.)

Auto-Owners has not filed a breach of contract counterclaim that alleges that Clayton Kearney breached his contractual duty to cooperate.[4] Thus, the legal issue that Clayton Kearney raises is not squarely before the Court. Therefore, the Court will not rule as a matter of law on this issue.

Therefore, it is ORDERED and ADJUDGED that Plaintiff's second motion for partial summary judgment (Doc. 469) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida this 19th day of October, 2009.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

---

[4] However, in a letter sent to the Department of Financial Services on January 9, 2006, in response to Clayton Kearney's Civil Remedy Notice, Auto-Owners stated that it denied Kearney's claim in part because Plaintiff breached the cooperation clause of the umbrella policy "by participating in the resolution of [the] Zurich [lawsuit] without notice to Auto-Owners."

4