UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLAYTON KEARNEY,

Plaintiff,

v. Case No.: 8:06-cv-00595-T-24-TGW

AUTO-OWNERS INSURANCE COMPANY,

Defendant.
_____________________________________/

**ORDER DENYING**
**SUPPLEMENTAL COSTS**

The Court now considers the Supplemental Motion for Costs filed by Defendant Auto-Owners Insurance Company (Doc. 624), which Plaintiff Clayton Kearney opposes. (Doc. 625.)

Federal law generally determines what costs can be awarded to a prevailing party in federal court, even where the federal court decides a state law claim. Auto-Owners argues that Florida's Offer of Judgment statute, Fla. Stat. § 768.79, entitles it to additional costs not allowed under federal law because § 768.79 is substantive law. While § 768.79 is substantive as to attorney's fees, it is not substantive as to costs, an area traditionally considered procedural and governed by 28 U.S.C. § 1920. Therefore, Auto-Owners is not entitled to additional costs.

**BACKGROUND**

After a jury rendered a verdict in its favor on a bad-faith insurance claim, Defendant Auto-Owners Insurance Company submitted a Bill of Costs as permitted by Rule 54 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920. (Doc. 597.) The Clerk taxed those

costs, and, after Plaintiff Clayton Kearney challenged the Clerk's action, the Court entered an order awarding Auto-Owners costs of $32,477.86. (Docs. 608, 610, 616.)

Auto-Owners also moved for attorney's fees under Florida Statute § 768.79, the Offer of Judgment statute, as well as for additional "costs" under § 768.79. The Court awarded Auto-Owners attorney's fees of $209,685.50, but deferred ruling on Auto-Owners' request for additional costs. (Doc. 618.) With the Court's consent, Auto-Owners filed a supplemental motion seeking specific costs that it incurred during a 64-day period beginning after Kearney rejected Auto-Owners' reasonable settlement offer.

In its supplemental motion, Auto-Owners asked for two additional costs under Florida law that the Court had not allowed under 18 U.S.C. § 1920. First, Auto-Owners asked for certain court reporting costs in the amount of $6,205. Second, Auto-Owners sought $9,600 in fees for its expert trial witness, former Florida Supreme Court Justice Charles Wells.

## ANALYSIS

When a federal court decides a state law claim, the court generally applies state law to the substantive issues in the case and federal law to the procedural issues.[1] In Jones v. United Space Alliance, L.L.C., the Eleventh Circuit found Florida's Offer of Judgment law, Florida Statute §768.79 "to be substantive law for Erie purposes."[2] And in Menchise v. Akerman Senterfitt, the Eleventh Circuit held that the federal offer of judgment rule in Rule 68 of the Federal Rules of Civil Procedure did not preempt Florida Statute § 768.79.[3] Both of these

[1] Erie Railroad Co. v. Thompkins 304 U.S. 64 (1938).

[2] 494 F.3d 1306, 1309-10 (11th Cir. 2007)

[3] 532 F.3d 1146, 1152 (11th Cir. 2008) ("[S]ection 768.79 and Rule 68 do not conflict.").

decisions rest on the well-settled principle that the Legislature shifts attorney's fees to accomplish substantive public policy goals. Statutes that shift attorney's fees change normal litigation risks and offer parties a financial incentive to vindicate certain rights. Statutes that determine costs do not serve the same goals. Typically, costs such as fees for the Clerk and service of process pay for the ministerial functions of the courts. Courts, therefore, views costs as a procedural matter.

To encourage settlement of disputes outside of court, Florida's Offer of Judgment statute shifts both attorney's fees and costs to the party that rejects a reasonable settlement offer, as defined by the statute. The statute says a defendant entitled to an award under § 768.79 "shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court. . . ." But because of the distinctly different purposes of fee-shifting and cost-shifting statutes, the Court does not read Jones or Menchise to make the reference in § 768.79 to "reasonable costs" substantive law. The Eleventh Circuit in Jones or Menchise did not clearly state such a position, which would be contrary to the rule that a district court cannot tax costs not authorized by 18 U.S.C. § 1920.[4] Moreover, in an earlier Florida bad faith insurance case, Kivi v. Nationwide Mutual Insurance Company, the Eleventh Circuit wrote: "Obviously, the entitlement to expert witness fees under the Florida Statutes is not a substantive right."[5] In Kivi, the Eleventh Circuit reversed a district court that taxed expert witness fees as costs under Florida Statute § 627.428, contrary to § 1920.

Federal courts can only tax costs outside of 18 U.S.C. § 1920 where a statute "explicitly"

---

[4] See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987).

[5] 695 F.2d 1285, 1289 (11th Cir. 1983).

authorizes it to do so, or a court explicitly declares that the statute creates a substantive right to costs.[6] Florida Statute § 768.79 does not "explicitly" mention expert witness fees or court reporter costs. (Auto-Owners might have a better argument if it sought "investigative expenses.") Although § 768.79 awards costs and attorney's fees "calculated in accordance with the guidelines" from the Florida Supreme Court,[7] this reference to advisory guidelines is not explicit enough to supersede the traditional rule that federal law governs costs. To cause the Court to depart from the traditional rule, the statute must do more than make a passing reference to "reasonable costs" or refer generally to advisory guidelines, which cover all sorts of issues.[8] Admittedly, the Florida Supreme Court has stated, as recently as April 1, 2010, in Attorney's Title Insurance Fund, Inc. v. Gorka that § 768.79 "generally creates a right to recover reasonable costs and attorney fees."[9] But this dictum, stated as "background," still does not go far enough.[10] The Eleventh Circuit made clear in Kivi that a state supreme court must clearly announce a holding that a statute creates a substantive right to costs. Thus, the Eleventh Circuit noted in Kivi, that the Louisiana Supreme Court created a substantive rights to costs in federal courts

---

[6] The U.S. Supreme Court held in Crawford Fitting Co. that "absent explicit statutory or contractual authorization for the taxation of expenses of a litigant's witnesses as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." Crawford Fitting Co., 482 U.S. at 445.

[7] See In re Amendments to Uniform Guidelines for Taxation of Costs, 915 So. 2d 612 (Fla. 2005).

[8] See Glenn v. General Motos Corp., 841 F.2d 1567, 1574-75 (11th Cir. 1988) (declining to award expert witness fees, contrary to 28 U.S.C. § 1920, because a contrary federal statute, 29 U.S.C. § 216(b), did not explicitly mention expert witness fees).

[9] Attorney's Title Ins. Fund, Inc. v. Gorka, No. SC08-1899, 2010 WL 1235268, at *2 (Fla. April 1, 2010). See also Baptiste v. Fermenich, 977 So. 2d 658, 661 (Fla. 4th DCA 2008) (quoting MGR Equip. Corp., Inc. v. Wilson Ice Enter., Inc., 731 So. 2d 1262, 1263 (Fla. 1999)).

[10] Attorney's Title Ins. Fund, Inc., 2010 WL 1235268, at *2 ("*As background to this analysis,* section 768.79 generally creates a right to recover reasonable costs and attorney fees when a party has satisfied the terms of the statute and rule.") (emphasis added).

because it announced that the Louisiana Constitution created a substantive right to costs in a condemnation case.[11] The Florida Supreme Court's mention in Attorney's Title Insurance Fund, Inc. and earlier cases[12] of a right to costs under § 768.79 merely glosses over this issue in "background." For good reason, the Eleventh Circuit takes an exacting approach to statutory interpretation of state statutes that would displace federal procedural laws under Erie. Congress passed § 1920 to impose uniform and "rigid control on cost-shifting in federal costs."[13] If any mention of costs in a state statute could overcome Congress's will, then § 1920 would have no force. Instead of creating an uniform system of costs in federal courts, hundreds of statute statutes would poke holes in the fortress that Congress created with § 1920. For these reasons, the Court finds that Auto-Owners can not receive any costs under Florida Statute § 768.79 beyond those already awarded under § 1920.

Auto-Owners also asks the Court to reconsider parts of its prior ruling on attorney's fees and costs. The Court did not grant Auto-Owners leave to move for reconsideration in this supplemental motion, and, in any event, Auto-Owners has not justified its argument for reconsideration. Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."[14] A party seeking rehearing

---

[11] Kivi, 695 F.2d at 1289 (approving the Fifth Circuit's holding in Henning v. Lake Charles Harbor & Tunnel Dist., 387 F.2d 264, 265 (5th Cir. 1968)). Henning, decided before the Fifth and Eleventh Circuit split, is binding precedent in the Eleventh Circuit.

See also Jablonski v. St. Paul Fire & Marine Ins. Co., No. 2:07-cv-00386, 2010 WL 1417063, at *10-*12 (M.D. Fla. April 7, 2010) ("[S]tate substantive law on fee shifting may be applied in lieu of § 1920 if, and only if, it explicitly expands the right to additional costs.").

[12] See MGR Equip. Corp., Inc. v. Wilson Ice Enter., Inc., 731 So. 2d 1262, 1263 (Fla. 1999)

[13] Crawford, 482 U.S. at 437.

[14] Int'l Union of Painters v. Argyros, No. 05-1661, 2007 WL 1577840, at *1 (M.D. Fla. May 31, 2007) (citations and quotations omitted).

has the burden to "demonstrate why the court should reconsider its prior decision and [must] set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."[15] The party must show either: "(1) an intervening change in controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or manifest injustice."[16] Auto-Owners has not shown any of these factors.

## CONCLUSION

Auto-Owners' Supplemental Motion for Costs (Doc. 624) is **DENIED**.

**IT IS SO ORDERED.**

*Done on August 4, 2010.*

Susan C. Bucklew

SUSAN C. BUCKLEW
United States District Judge

---

[15] Id.

[16] Id.