UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLAYTON KEARNEY,

    Plaintiff,

v.                                                      Case No. 8:06-cv-595-T-24 TGW

AUTO-OWNERS INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

The Court now considers the supplemental motion from Plaintiff Clayton Kearney for attorneys' fees in the amount of $180,146.00. (Doc. No. 646). Defendant Auto-Owners Insurance Company filed a response in opposition, asking the Court to cut $33,121.50 in specific billing entries and to reduce the hourly rates of Kearney's counsel and paralegal. (Doc. No. 647). Upon consideration of the instant motion and response, the Court awards Kearney attorneys' fees in the amount of **$95,615.25**.

**I.    Background**[1]

On August 4, 2010, this Court granted Kearney's motion for entitlement to attorneys' fees to the extent that Kearney is entitled to attorneys' fees from Auto-Owners, pursuant to Florida Statutes § 627.428, solely to resolve the coverage dispute at issue in this

---

[1]The relevant factual and procedural background of this case is set forth in detail in the Court's August 4, 2010 order granting Kearney's motion for entitlement to attorneys' fees. (Doc. No. 627 at 1-7).

case—specifically, the stacking issue resolved by summary judgment.[2] (Doc. No. 627). The Court directed Kearney to file a supplemental motion for attorneys' fees seeking an itemized amount of attorneys' fees, beginning with the drafting of the complaint and ending when Auto-Owners unconditionally paid Kearney the $5-million limit of the umbrella policy in September of 2007. *Id.* at 21.

On August 20, 2010, pursuant to the Court's instructions, Kearney filed the instant supplemental motion for attorneys' fees. (Doc. No. 646). On September 3, 2010, Auto-Owners filed its response in opposition. (Doc. No. 647).

## II.     Supplemental Motion for Attorneys' Fees

The starting point in determining reasonable attorneys' fees is the lodestar, which is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *see also Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly

---

[2] Kearney was injured in an automobile accident. He was a passenger in a car driven by an uninsured motorist, and thus, he sought to recover from his insurers under his uninsured motorist ("UM") coverage. Three separate insurance policies provided coverage to Kearney: (1) a primary policy issued by Zurich American Insurance Company ("Zurich"), that had a $500,000.00 per incident coverage limit; (2) a primary policy issued by Auto-Owners, that had a $30,000.00 coverage limit; and (3) an umbrella policy issued by Auto-Owners, that had a $ 5-million coverage limit. The coverage issue for which Kearney is entitled to attorneys' fees related to when the umbrella policy's UM coverage took effect. Kearney argued that the umbrella policy took effect once Kearney's damages reached $530,000.00, *i.e.*, after the limits in the first two primary policies had been reached. Auto-Owners argued that the primary policy issued by Zurich was a stacking policy and provided UM benefits at $500,000.00 for 145 vehicles. Therefore, the policy provided coverage of $72,500,000.00. Auto-Owners argued that because Kearney settled with Zurich for less than $72,500,000.00, Kearney had not exhausted his UM benefits under the first two primary policies and could not access coverage under the umbrella policy. This Court ruled in favor of Kearney on the coverage issue at the summary judgment stage of the case. (Doc. No. 143).

rate is based upon "'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'" *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (quoting *Norman*, 836 F.2d at 1299). In calculating what hours were reasonably expended on litigation, the Court should exclude excessive, unnecessary and redundant hours. *Duckworth*, 97 F.3d at 1397.

In the instant motion, Kearney requests a total amount of $180,146.00 in fees.[3] (Doc. No. 646 at 1). Auto-Owners objects both to the hourly rates charged by Kearney's counsel and paralegal and the number of hours expended by Kearney's counsel and staff. The Court will address these arguments in turn.

### A. Reasonable Hourly Rate

The fee applicant bears the burden of establishing appropriate hourly rates. *See Norman*, 836 F.2d at 1303. An applicant may meet this burden by setting forth direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates. *Id.* at 1299. In addition, the Court may use its own expertise and judgment to make an appropriate independent assessment of the reasonable value of an attorney's services. *Id.* at 1303.

In Kearney's motion for attorneys' fees, he seeks the following hourly rates for the attorneys who worked on his case: Dale Swope – $475.00/hour, Shea Moxon – $450.00/hour, Lisha Bowen – $375.00/hour, and Stephanie Miles – $150.00/hour. Kearney also seeks $110.00/hour for paralegal Miko Fallon and $60.00/hour for legal assistants Caridad Gonzalez, Amy Fender, Marlene Parker, and Tracy Royal. (Doc. No. 646, Exh. 1). Kearney offers the

---

[3] Exhibit B of Kearney's motion contains the individual time records for the fees requested, consisting of 612 specific billing entries.

affidavit of Tampa attorney Lefferts L. Mabie, III in support of the hourly rates charged by Kearney's counsel and staff.  (Doc. No. 646, Ex. D).  Mabie attests that he is familiar with the hourly rates prevailing in Florida for attorneys practicing in the areas of insurance law, including issues of insurance coverage and bad faith, and that he is familiar with the prevailing hourly rates for paralegals and legal assistants in the Tampa Bay area.  *Id.* at ¶ 6.

Mabie further attests that for an attorney such as: (1) Dale Swope, who has practiced law for thirty-two years and has extensive litigation experience in the areas of insurance coverage and bad faith, an hourly rate of $450.00 to $550.00 is appropriate; (2) Shea Moxon, who has practiced law for 16 years and has extensive appellate and litigation experience, an hourly rate of $375.00 to $475.00 is appropriate; (3) Lisha Bowen, who has practiced law for eleven years and has extensive litigation experience in the areas of litigation coverage, insurance bad faith, and personal injury, an hourly rate of $300.00 to $400.00 is appropriate; and (4) Stephanie Miles, who has practiced law for five years in personal injury and insurance coverage and bad faith, an hourly rate of $110.00 to $200.00 is appropriate.  *Id.* at ¶ 8.  Finally, Mabie attests that the relevant market rate for an experienced paralegal such as Miko Fallon is $75.00 to $130.00 per hour and for legal assistants generally, $50.00 to $65.00 per hour.[4]  *Id.* at ¶ 10.

Auto-Owners argues that the hourly rates sought by Kearney's counsel and paralegal are excessive on a number of grounds; however, the Court finds two of Auto-Owners' arguments particularly persuasive.  First, Auto-Owners argues that Kearney's attorneys' hourly rates are excessive in light of the fact that the "'lion's share' of legal work for the fees sought in

---

[4]Kearney also offers the affidavit of Shea Moxon in support of the experience levels of Kearney's counsel and staff and the hourly rates those individuals should receive.

4

Plaintiff's Supplemental Motion was performed by attorneys whose hourly rates range from $375.00 to $475.00, ***more than twice*** those of Auto-Owners' attorneys."[5] (Doc. No. 647 at 2 (emphasis in original)). Second, the hourly rates requested by Kearney's attorneys, specifically Dale Swope, Shea Moxon,[6] and Lisha Bowen, are greater than the prevailing market rates in this division for this type of case. In support of this assertion, Auto-Owners cites a recent case from the Tampa Division of the Middle District of Florida, in which the court stated, "[a]s someone who has handled numerous attorney fee motions over the years, I have reserved hourly rates in the $300–$400 range for the most skilled attorneys litigating complex cases." *Ottaviano v. Nautilus Ins. Co.*, 717 F. Supp. 2d 1259, 1270 (M.D. Fla. 2010) (awarding $275.00/hour for the plaintiff's lawyers in an insurance coverage dispute case). Auto-Owners requests that the Court apply whatever reduction in hourly rates the Court believes appropriate under the circumstances. (Doc. No. 647 at 14).

The Court agrees with Auto-Owners that Kearney's requested hourly rates for his attorney and paralegal are unreasonable in light of (1) the Court's prior order granting Auto-Owners attorneys' fees and (2) the prevailing market rates in this Division. In the Court's prior order granting Auto-Owners attorneys' fees, the Court awarded Auto-Owners' most experienced attorneys a rate of $225.00/hour. Kearney now seeks hourly rates of $375.00 to $475.00 for

---

[5]In granting Auto-Owners' motion for attorneys' fees in this case, the Court awarded the following hourly rates for Auto-Owners' attorneys and staff: attorneys commanded rates between $125.00 and $225.00 depending on their experience levels and paralegals commanded an hourly rate of $65.00. (Doc. No. 618 at 10-11).

[6]Auto-Owners also points out that Mabie relies on Shea Moxon's extensive appellate experience to justify an hourly rate range of $375.00 to $475.00; however, Kearney is not seeking fees for the time Moxon spent working on appellate issues.

three of the four lawyers that worked on his case. Furthermore, the Court finds that the prevailing market rates for attorneys in this area are lower than those sought by Kearney, especially in light of the fact that the coverage issue, for which Kearney is entitled to attorneys' fees, was not particularly complex. *See Ottaviano*, 717 F. Supp. 2d at 1270-71.

The Court may use its discretion and expertise to determine the appropriate hourly rate. *See Scelta v. Delicatessen Support Services*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). Based on careful consideration of the parties' arguments and Kearney's expert affidavits, the complexity of the case, and the Court's own expertise and judgment, the Court finds that: (1) Dale Swope is entitled to $300.00/hour; (2) Shea Moxon is entitled to $225.00/hour; (3) Lisha Bowen is entitled to $225.00/hour; and (4) Stephanie Miles is entitled to $125.00/hour. Additionally, the Court finds that paralegal Miko Fallon is entitled to $75.00/hour and that Kearney's legal assistants are entitled to the rate requested of $60.00/hour.

      **B.**      **Reasonable Number of Hours: Objections to Billing Entries**

Auto-Owners also argues that the hours expended in Kearney's fee petition are unreasonable and specifically objects to 138 of Kearney's 612 billing entries. The Court has reviewed each objection and indicated in the chart attached to this Order the Court's ruling on all 138 objections. Auto-Owners' objections can be placed into one of seven categories, discussed below:

      1.      <u>Work Not Related to the Coverage Dispute</u>

Auto-Owners' most significant objection to Kearney's billing entries is that many of the entries are for work not related to the coverage dispute. As stated, *supra*, the Court granted

Kearney's motion for entitlement to attorneys' fees solely for work performed on the coverage dispute issue. Accordingly, the Court stated that Kearney is not entitled to attorneys' fees to resolve the allegation of Auto-Owners' bad faith, the issue of Auto-Owners' entitlement to a set-off, and any dispute about Kearney's damages. (Doc. No. 627 at 21). Based on the Court's intimate knowledge of this entire case, including the coverage dispute issue, and based upon review of Kearney's time entries and Auto-Owners' objections, the Court has reduced Kearney's attorneys' fees if such fees were for work not related to the coverage dispute.

### 2. Pre-Suit Work

Auto-Owners objects to two time entries of Kearney's fee petition that relate to "pre-suit" work. In the Court's order granting Kearney entitlement to attorneys' fees (Doc. No. 627), the Court "decline[d] to award attorney's fees for work done before the Complaint was drafted and filed." Accordingly, based on the Court's prior order, the Court has reduced the fees requested if those time entries relate to work done prior to the drafting and filing of the complaint.

### 3. Clerical Work

Auto-Owners also objects to certain work performed by Kearney's paralegal and legal assistants on the ground that the work was clerical in nature. A court may award fees for work done by law clerks or paralegals only when they perform work typically done by lawyers. *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1998). Because Kearney billed for non-compensable clerical work done by paralegals or assistants, the Court has reduced the requested attorneys' fees. Additionally, Auto-Owners objects to attorneys performing clerical work. Accordingly, in the few instances where the Court determined that attorneys performed clerical work that is non-compensable, the Court reduced the fees requested.

4.  Other Non-Compensable Work

Auto-Owners also objects to a number of entries as non-compensable. These entries include "review of federal rules for filing" and "legal research regarding electronic filing rules." The Court agrees that this type of work is non-compensable as Kearney's attorneys and staff, who regularly practice in federal court, should have basic familiarity of the electronic filing rules.

5.  Vague

Auto-Owners objects to a few of Kearney's time entries as being vague, arguing that it is not clear what work was being performed as described in the time entry. However, upon review of Kearney's billing records and Auto-Owners' objections, the Court does not find that Kearney's time entries are vague, and therefore, the Court has not reduced any attorneys' fees based on vagueness.

6.  Duplicative Work

Auto-Owners objects to a few of Kearney's time entries as being duplicative. "There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Norman*, 836 F.2d at 1302. Upon review of Kearney's time entries and Auto-Owners objections, the Court finds that Kearney is not seeking fees for duplicative time.

7.  Block Billing

Finally, Auto-Owners objects to Kearney's time entries "where the 'block billing' appears to encompass non-compensable tasks." Auto-Owners argues that because some of

Kearney's block billing entries make it impossible to determine what portion of the entry is compensable, and what portion is not, Auto-Owners objects to the entire entry. As this Court stated in its prior order awarding Auto-Owners' attorneys' fees, "[b]lock billing prevents the Court from evaluating whether or not the attorney or paralegal spent a reasonable amount of time, in the exercise of good 'billing judgment' on a task." (Doc. No. 618 at 12). Accordingly, if the block billing entry contains non-compensable work, the Court has reduced the entry in whole or in part.

### III.  Conclusion

In summary, Kearney requested $180,146.00 in attorneys' fees and Auto-Owners filed a response in opposition, objecting to $33.121.50 in specific billing entries and requesting the Court to reduce the hourly rates of Kearney's attorneys and paralegal by whatever amount the Court deemed reasonable. Upon consideration of the instant motion and response, the Court reduced the hourly rates of Kearney's attorneys and paralegal as follows:

   Dale Swope: $300.00/hour
   Shea Moxon: $225.00/hour
   Lisha Bowen: $225.00/hour
   Stephanie Miles: $125.00/hour
   Miko Fallon: $75.00/hour

Additionally, upon review of the specific billing entry objections, the Court reduced Kearney's total requested hours from 593 hours to 513.65 hours. Accordingly, the Court awards Kearney **$95,615.25** in attorneys' fees from Auto-Owners. An accounting of the Court's reduction of Kearney's requested fees, including the reduction in hourly rates and the reduction of hours from specific billing entries, is attached to this Order and is incorporated in the Order.

Accordingly, it is ORDERED AND ADJUDGED that Kearney's Supplemental Motion

for Attorneys' Fees is GRANTED to the extent that Kearney is awarded **$95,615.25** in attorneys' fees from Auto-Owners.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of April, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record